NEW-YORK, March, 1823.

The People *vs.* Wm. Teller and Jason Teller.

---

### The People *vs.* William Teller and Jason Teller.
### *Petit Larceny.*

THE prisoners were indicted of a petit larceny, for stealing two pair of boots, the property of David and B. Dunham, on the 10th day of February, 1823.

Infancy.

The property was found upon the prisoners, and they confessed the crime.

It appeared by the testimony of Maria Teller, the sister of the prisoners, that Jason was not quite fourteen, but that William Teller was more than fourteen.

The evidence of Jason's capacity was unsatisfactory ; some of the police officers, who knew the boy, thought him active, shrewd, and intelligent, while others had a different opinion of his capacity.

· The Court explained the law to be as charged in the case of Davis and M'Bride, and they returned a verdict of guilty against William Teller, and of acquittal for Jason Teller.

*Note.—Infancy is a satisfactory excuse for the commission of any crime up to the period of seven years, and may or may not extend to fourteen. But upon the attainment of that age, the person of an infant

NEW-YORK,
March, 1823.

The People
*vs.*
Wm. Teller
and
Jason Teller.

is placed precisely upon the same footing as the rest of mankind it respects their accountability for crimes; for at and after this period the law *supposes the party has attained a judgment capable,* and a conscience willing to decide between right and wrong. Dr. and St. c. 26; 1 Hale, 25, 27: Hawk. b. 1. p. 1.

Between seven and fourteen, the law presumes in favor of the party, it *prima facie*, supposes him to be unacquainted with guilt. Hawk. b. 1. p. 1. *And the presumptions entertained in favor of innocence, accumulate in an inverse proportion, with the decrease and tenderness of the offender's years.* Hawk. b. 1. p. 1. 1 Hale, 25, 27. And from this supposed imbecility of mind, the law will not, without anxious circumspection, permit an infant to be convicted on his own confession. Ibid. C. Jac. 466 : 1 Hale, 24 : Fost. 70'; yet if it appeared by strong and pregnant evidence and circumstances,. that he was perfectly conscious of the nature and malignity of the crime, the verdict of a jury may find him guilty, and judgment of death may be given against him. 1 Hale, 20 : Fost. 71, which agrees with the author of the Commentaries, who says, " Also under fourteen, though an infant shall be *prima facie*, adjudged to be *doli incapax*, yet if it " appears to the Court and jury, that he was *doli capax*, and could " discern between good and evil, he may be convicted and suffer " death. Thus a girl of thirteen has been burnt for killing her mis- " tress; and one boy of ten, another of nine years old, who had kill- " ed their companions, have been sentenced to death, and he of ten " years actually hanged; because it appeared upon their trials, that " the one hid himself, and the other hid the boy he had killed, which " hiding manifested a consciousness of guilt, and a discretion to dis- " cern between good and evil. And there was an instance in the " last century, where a boy of eight years old was tried at Abingdon " for firing two barns; and it appearing that he had malice, revenge, " and cunning, he was found guilty, condemned, and hanged accor- " dingly. Thus, also, in very modern times, a boy of ten years old " was convicted, on his own confession of murdering his bed-fellow, " there appearing in his whole behavior plain tokens of a mischiev- " ious discretion; and as the sparing this boy, merely on account of " his tender years, might be of a dangerous consequence to the pub-

"lie by propagating a notion that children might commit such attro- NEW-YORK,
"cious crimes with impunity, it was unanimously agreed by all the March, 1823.
"judges that he was a proper subject of capital punishment. But,   The People
"in all such cases, the evidence of that malice which is to supply      vs.
"age, ought to be strong and clear beyond all doubt and contradic- Wm. Teller
"tion." Blac. Com. vol. 4. p. 25.                                      and
                                                                   Jason Teller.

These principles have long been established in Great Britain, and have
   been adopted in this country. Their decisions, therefore, upon this
   subject, are good authority here, at least so far as they respect crimes
   not followed by a capital judgment; for it remains to be seen wheth-
   er the enlightened citizens of this country (who have not, nor ever
   had in their statute book, two hundred crimes punished with death)
   would submit to see the execution of an infant of eight, ten, or even
   thirteen years of age.

The Records of our Criminal Courts furnish us with no such cases. The
   lowest period, that judgment of death has been inflicted upon an in-
   fant in the United States, has never extended below sixteen years, or
   at least after a careful search none could be found, and it is presumed
   none can be found.

In inferior crimes and offences, where fines and imprisonment at hard
   labor is the penalty, (as it is in most cases in this country,) the real
   or apparent objection to the rules of law upon this subject do not ex-
   ist; and, accordingly we find infants of the age of eight, nine, and ten,
   imprisoned and at hard labor for every species of crime subject to
   that punishment.

An infant under seven years is incapable of committing crime. Between
   that age and fourteen, if it appear on the part of the prosecution that
   the infant is possessed of sufficient capacity, he may be convicted;
   but as his age approximates the nearer to that of seven, the infer-
   ence in favor is the stronger, and as his age approximates the near-
   er to fourteen, on the score of infancy, lessons. City Hall Rec. vol.
   5, p. 137.

If the circumstances under which a felony is committed by an infant be-
   tween seven and fourteen years of age, indicate that he was doing

NEW-YORK, wrong while stealing, this is tantamount to evidence of his capacity. Ibid.
March, 1823.    vol. 5. p. 178.